Alexei O. CHORINE, et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72104.

Agency Nos. A70–967–706, A70–967–708.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2003.

Decided July 28, 2003.

---

Before SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Petitioners, Alexei Chorine and his daughter Daniela Chorine, petition for review of a final order of the Board of Immigration Appeals affirming an order of deportation entered in immigration court. Because the BIA issued its decision atter October 31, 1996, and the Chorines' deportation proceedings began prior to April 1, 1997, this court has jurisdiction under IIR-IRA's transitional rules. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition for review.

Because the parties are familiar with the facts, we will not recount them in detail except as necessary.

Petitioners claim that the Immigration and Naturalization Service failed to prove petitioners' alienage by clear, convincing and unequivocal evidence. "In deportation proceedings, the INS has the burden of establishing the facts supporting deportability by clear, unequivocal, and convincing evidence. Evidence of foreign birth, however, gives rise to a rebuttable presumption of alienage, and the burden then shifts to the petitioner to prove citizenship." *Scales v. INS,* 232 F.3d 1159, 1163 (9th Cir.2000) (internal citations and quotations omitted). In this case there was undisputed evidence of foreign birth and nothing to refute the presumption of alienage. Contrary to petitioners' contentions, the INS does not bear the burden of proving citizenship.

We agree with the Board of Immigration Appeals that the IJ erred in waiting until the end of the hearings to designate the country to which the petitioners were to be deported. However, we also agree with the BIA that any error was rendered harmless when the IJ designated Latvia as that country because petitioners were prepared to offer, and did offer, asylum evidence pertaining to Latvia.

---

We also find that the IJ and BIA did not err in finding petitioners ineligible for asylum. Even taking all of petitioners' testimony to be truthful and accurate, a reasonable factfinder would not have been compelled to find that petitioners had been, or would be, "persecuted" in Latvia. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Korablina v. INS,* 158 F.3d 1038, 1044 (9th Cir.1998) (holding persecution is an extreme concept).

PETITION FOR REVIEW DENIED.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.